UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

DESEAN ALLEN,                          :

                    Plaintiff,         :      13 Civ. 3106 (JPO)(HBP)

     -against-                         :
                                              OPINION AND
METROPOLITAN TRANSPORTATION            :      ORDER
AUTHORITY, et al.,
                                       :

                    Defendants.        :
----------------------------------X


          PITMAN, United States Magistrate Judge:


I.   Introduction


          By notice of motion filed on or about August 19, 2013

(Docket Item 21), defendants the Metropolitan Transportation

Authority (the "MTA"), the Long Island Rail Road (the "LIRR"),

and the County of Suffolk (collectively, the "Movants" or "Movant

Defendants") move for an order transferring this action to the

Eastern District of New York, pursuant to 28 U.S.C. §§ 1404(a)

and 1406(a).  The remaining defendant the Town of Islip has not

filed any papers in connection with the present motion.  Plain-

tiff DeSean Allen has not filed opposing papers.

          For the reasons set forth below, the motion to transfer

is granted.

II.  Facts

A.  Factual
    Background

    Plaintiff's claim arises from a trip-and-fall incident
that occurred on a sidewalk adjacent to the Deer Park LIRR
Station in West Brentwood, New York on the morning of July 28,
2012.  Plaintiff alleges that on the date of the accident, he
drove from Pennsylvania where he resides to the parking lot of
the Deer Park LIRR Station to attend a truck driver training
program (Tr. of Deposition of DeSean Allen, dated January 14,
2013 ("Allen Depo."), at 3, 7, annexed as Exhibit B to the
Declaration of Christopher A. Jeffreys, Assistant County of
Suffolk Attorney, dated August 14, 2013 ("Jeffreys Decl.")
(Docket Item 22)).  Shortly before 9:00 a.m., because it was
raining, the course instructor directed plaintiff and the other
attendants to register for the class inside the passenger area of
the Station (Allen Depo. at 12).  Plaintiff moved his car from
its original parking spot and drove himself and three classmates
closer to the passenger area of the train station (Allen Depo. at
12, 17).  Plaintiff parked his vehicle parallel to a sidewalk
(Allen Depo. at 15).

    Plaintiff exited his vehicle and intended to walk
around the rear of his car (Allen Depo. at 19-20).  Plaintiff

stepped onto the sidewalk that was adjacent to his car with his right foot, and as he brought his left foot up, plaintiff's right ankle twisted, causing him to fall (Allen Depo. at 23-24). Plaintiff alleges that the sidewalk he stepped onto was defective; specifically, he contends that the sidewalk was uneven, and that he stepped into a section of the sidewalk that was depressed two to three inches below the remainder of the sidewalk (Notice of Claim, dated September 6, 2012, ¶ 3, annexed as Exhibit A to Jeffreys Decl. (Docket Item 22)). The presence of a puddle in the depressed area of the sidewalk obscured the defective area (Notice of Claim ¶ 3).

The sole eye-witness to the accident was plaintiff's classmate, Kamar (Allen Depo. at 17, 26). Plaintiff testified that he has not been in touch with Kamar since the accident and that it was his belief that Kamar resided somewhere in Bronx County, New York (Allen Depo. at 18).

Immediately following the accident, plaintiff was taken by ambulance to a nearby emergency room at the Good Samaritan Hospital Medical Center (Allen Depo. at 26-28). The hospital took X-rays of plaintiff's ankle area, wrapped it and provided plaintiff with painkillers (Allen Depo. at 28). Plaintiff testified that he returned home to Pennsylvania shortly thereafter, and visited the Pocono Medical Center in Pennsylvania, where

he was diagnosed and treated for a torn Achilles tendon (Allen Depo. at 32). Plaintiff underwent surgery on his right ankle, which required a muscle graft (Allen Depo. at 32-33; Complaint ¶ 36). He also underwent physical therapy for approximately four to five weeks at Mountain Valley Orthopedics in Pennsylvania and, as of January 2013, expected to have to continue the physical therapy exercises in his home (Allen Depo. at 44, 46-47).

Plaintiff testified that he has not returned to work since the accident (Allen Depo. at 41). He also cannot engage in certain physical activities that he was able to perform prior to the injury, such as running and jumping (Allen Depo. at 46).

B. Procedural
Background

Plaintiff filed a Notice of Claim on September 6, 2012 against the MTA, the LIRR, the County of Suffolk, the Town of Islip and the Town of Babylon, pursuant to New York General Municipal Law Section 50-i (Ex. A to Jeffreys Decl.). Pursuant to New York General Municipal Law Section 50-h, defendants County of Suffolk and Town of Islip requested an oral examination of plaintiff (Complaint ¶ 29). Plaintiff appeared for the 50-h examination on January 14, 2013 (Ex. B to Jeffreys Decl.). It appears that the remaining defendants did not seek a deposition

and that none of the defendants requested a physical examination
of the plaintiff (Complaint ¶¶ 30, 31).

Plaintiff filed this lawsuit in the Southern District
of New York against the MTA, the LIRR, the County of Suffolk, the
Town of Islip and the Town of Babylon on May 8, 2013.  Plaintiff
alleges that venue in this district is proper because the MTA's
principal place of business is located within this district
(Complaint ¶ 24).  Plaintiff also alleges that each named defen-
dant owned, maintained and operated the sidewalk on which the
accident occurred (Complaint ¶¶ 3-21).  Plaintiff states that
defendants were reckless, careless and negligent in their failure
to maintain and repair the sidewalk despite sufficient prior
notice (Complaint ¶ 35).  As a result of defendants' inactions,
plaintiff complains of permanent and continuing physical and
emotional injuries (Complaint ¶ 36).

The Town of Islip answered plaintiff's complaint on
May 29, 2013, asserting general denials of the allegations in the
complaint (Docket Item 4).  The Town of Islip also asserted
cross-claims against the remaining defendants for contribution
with respect to any award of damages (Docket Item 4 ¶ 17).  On
June 13, 2013, the Town of Babylon answered, also asserting
general denials and cross-claims against the remaining defendants
(Docket Item 11).  The Movant Defendants answered plaintiff's

complaint on July 12, 2013 (Docket Item 12). In their answer, they denied most of plaintiff's allegations, other than to admit that the County of Suffolk "performed management and operational services for the Deer Park Train Station" (Docket Item 12 ¶¶ 5, 6), asserted improper and/or inconvenient venue as an affirmative defense and listed the Eastern District of New York as the proper venue (¶ 15) and asserted cross-claims against the Towns of Islip and Babylon (¶ 16).

I held a conference on July 16, 2013, at which I set a schedule, including deadlines for a motion to transfer venue (Scheduling Order, dated July 16, 2013 (Docket Item 14), at 1). The parties subsequently entered into a stipulation on October 11, 2013, discontinuing the lawsuit against the Town of Babylon only (Docket Item 27). The Honorable J. Paul Oetken, United States District Judge, approved the stipulation on November 25, 2013 (Docket Item 32).

C.  The Present
    Motion

The Movant Defendants contend that the Central Islip courthouse of the Eastern District of New York is both the more convenient and proper venue for this lawsuit, under 28 U.S.C. §§ 1404(a) and 1406 (Memorandum of Law, dated August 14, 2013

(Docket Item 23)).  The Movants argue that the Eastern District

of New York is the more convenient venue because the principal

events at issue in this lawsuit all occurred there and certain

key witnesses are located in that district (Docket Item 23 at 4).

They also assert that venue in this district is improper because

"the sole defendant within the Southern District of New York

[i.e., the MTA] is actually not involved in this case at all"

(Docket Item 23 at 7).

On August 27, 2013, I granted plaintiff's application

for an extension of time to oppose the motion to transfer (En-

dorsed Letter, dated August 27, 2013 (Docket Item 24)).  Thereaf-

ter, plaintiff requested a second extension, which I granted on

October 2, 2013 (Docket Item 26).  Plaintiff's third request was

granted on November 8, 2013 (Docket Item 29), and the fourth on

November 22, 2013, which extended plaintiff's deadline to file an

opposition to December 6, 2013 (Docket Item 31).  Despite these

multiple extensions, as noted above, plaintiff has failed to file

any opposition to the motion to transfer.

III.  Analysis

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience

of parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or

division where it might have been brought or to any district or division to which all parties have consented."  "'The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court.'"  Forjone v. California, 425 F. App'x 73, 74 (2d Cir. 2011), quoting Filmline (Cross-Cnty.) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989); see Red Bull Assocs. v. Best W. Intern., Inc., 862 F.2d 963, 967 (2d Cir. 1988); Dunston v. N.Y. City Police Dep't, 10 Civ. 8117 (RJS), 2010 WL 5065903 at *1 (S.D.N.Y. Dec. 7, 2010) (Sullivan, D.J.). Moreover, "[t]he moving party carries the 'burden of making out a strong case for transfer' by clear and convincing evidence." Dunston v. N.Y. City Police Dep't, supra, 2010 WL 5065903 at *1, quoting N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010).

"Deciding a § 1404(a) motion to transfer venue 'requires a two-part inquiry:  first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of the parties and witnesses, and the interest of justice, a transfer is appropriate.'"  AGCS Marine Ins. Co. v. Associated Gas & Oil Co., Ltd., 775 F. Supp. 2d 640, 645 (S.D.N.Y. 2011); accord Lihuan Wang v. Phoenix Satellite Television US, Inc., 13 Civ. 218 (PKC), 2014 WL

116220 at *2 (S.D.N.Y. Jan. 13, 2014) (Castel, D.J.); see also

Lowe v. Hous. Works, Inc., 11 Civ. 9233 (DAB), 2013 WL 2248757 at

*4 (S.D.N.Y. May 15, 2013) (Batts, D.J.); Everlast World's Boxing

Headquarters Corp. v. Ringside, Inc., 928 F. Supp. 2d 735, 743

(S.D.N.Y. 2013) (Engelmayer, D.J.); Dunston v. N.Y. City Police

Dep't, supra, 2010 WL 5065903 at *2; Rindfleisch v. Gentiva

Health Sys., Inc., 752 F. Supp. 2d 246, 250 (E.D.N.Y. Oct. 8,

2010); Donde v. Romano, 09-CV-04407 (DLI)(VVP), 2010 WL 3173321

at *1 (E.D.N.Y. Aug. 10, 2010).

With respect to the first step, where, as here, diver-

sity of citizenship forms the basis for federal jurisdiction, 28

U.S.C. § 1391(b) provides that venue is proper in:

> (1) a judicial district in which any defendant resides,
> if all defendants are residents of the State in which
> the district is located;

> (2) a judicial district in which a substantial part of
> the events or omissions giving rise to the claim oc-
> curred, or a substantial part of property that is the
> subject of the action is situated; or

> (3) if there is no district in which an action may
> otherwise be brought as provided in this section, any
> judicial district in which any defendant is subject to
> the court's personal jurisdiction with respect to such
> action.

Plaintiff's lawsuit clearly could have been brought in the

Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2)

because "a substantial part of the events or omissions giving

rise to the claim occurred" in that district. Hence, the Movants have satisfied the initial portion of the analysis.

At the second step, the following factors are relevant to determining if transfer is appropriate:

> (1) plaintiff's choice of forum, (2) the convenience to witnesses, (3) the location of relevant documents and ease of access to sources of proof, (4) the convenience of parties to the suit, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, (9) trial efficiency, and (10) the interest of justice, based on the totality of circum-stances.

Recurrent Capital Bridge Fund I, LLC v. ISR Sys. & Sensors Corp., 875 F. Supp. 2d 297, 304 (S.D.N.Y. 2012) (Scheindlin, D.J.); accord Berkley Reg'l Ins. Co. v. Weir Bros., Inc., 13 Civ. 3227 (CM)(FM), 2013 WL 6020785 at *3 (S.D.N.Y. Nov. 6, 2013) (McMahon, D.J.); see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (listing, "inter alia," factors one through seven); Lihuan Wang v. Phoenix Satellite Television US, Inc., supra, 2014 WL 116220 at *2; Mitchell v. City of New York, 12 Civ. 5933 (KPF), 2013 WL 5942236 at *2 (S.D.N.Y. Nov. 6, 2013) (Failla, D.J.); Lowe v. Hous. Works, Inc., supra, 2013 WL 2248757 at *4; Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 560-61 (S.D.N.Y. 2000) (Sweet, D.J.). No single factor is determinative. See Mitchell v. City

10

of New York, supra, 2013 WL 5942236 at *2; Citigroup Inc. v. City Holding Co., supra, 97 F. Supp. 2d at 56.

For the reasons set forth below, I conclude that, on balance, the convenience of the parties and witnesses, and the interests of justice weigh in favor of transferring this lawsuit to the Eastern District of New York.

A.  Plaintiff's
    Choice of Forum

"The plaintiff's choice of forum is ordinarily accorded relatively greater importance than the other factors in the motion to transfer analysis, but not when the operative facts have few meaningful connections to the plaintiff's chosen forum." Eres N.V. v. Citgo Asphalt Ref. Co., 605 F. Supp. 2d 473, 483 (S.D.N.Y. 2009) (Marrero, D.J.); accord City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp., 10 Civ. 376 (RWS), 2010 WL 2035130 at *3 (S.D.N.Y. May 21, 2010) (Sweet, D.J.).  Moreover, the weight afforded to a plaintiff's choice of forum is even further diminished where the plaintiff does not reside in the chosen forum.  See Dunston v. N.Y. City Police Dep't, supra, 2010 WL 5065903 at *2; McCain v. Racing, 07 Civ. 5729 (JSR), 2007 WL 2435170 at *3 (S.D.N.Y. Aug. 27, 2007) (Rakoff, D.J.); Cali v. E. Coast Aviation Servs., 178 F. Supp. 2d 276, 292 (E.D.N.Y. 2001).

This district bears no connection to either plaintiff or the lawsuit. Plaintiff is a resident of Pennsylvania, and not New York (Allen Depo. at 3). Moreover, as set forth below, all of the events relevant to this litigation occurred in the Eastern District of New York.[1] Accordingly, because the Southern District of New York has no material connection to this case and plaintiff does not reside here, his choice to initiate this case in this district carries minimal weight. See Rindfleisch v. Gentiva Health Sys., Inc., supra, 752 F. Supp. 2d at 251-52; Eres N.V. v. Citgo Asphalt Ref. Co., supra, 605 F. Supp. 2d 473 at 483 ("There is no apparent connection between the Southern District of New York and the operative events, and [plaintiff's] choice of New York as its forum will therefore not receive the deference normally accorded to the plaintiff's forum choice."); McCain v. Racing, supra, 2007 WL 2435170 at *3.

B. Convenience
   of Witnesses

"The convenience of witnesses is often the most important factor in determining whether to transfer venue." Donde v. Romano, supra, 2010 WL 3173321 at *2, citing In re Hanger Ortho-

_____

[1]Further, even plaintiff's place of employment, prior to the accident, was in the Eastern District of New York (Allen Depo. at 34 (plaintiff was employed in Brooklyn, New York)).

pedic Grp., Inc. Sec. Litig., 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006) and Excelsior Designs, Inc. v. Sheres, 291 F. Supp. 2d 181, 185 (E.D.N.Y. 2003); see Fuji Photo Film Co., Ltd. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (McMahon, D.J.).  "When weighing the convenience of the witnesses, '[a] court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum.  Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide.'"  Fuji Photo Film Co., Ltd. v. Lexar Media, Inc., supra, 415 F. Supp. 2d at 373, quoting Herbert Ltd. P'ship v. Elec. Arts Inc., 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004) (Marrero, D.J.); see Rindfleisch v. Gentiva Health Sys., Inc., supra, 752 F. Supp. 2d at 255 ("Courts in the Second Circuit have recognized that it is the nature of the testimony and not the number of prospective witnesses on each side that is important when assessing the convenience of potential witnesses." (inner quotation marks and citations omitted)).  To succeed on a trans-fer motion, the moving party must "clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover."  Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978), abrogated on other grounds by Pirone v. MacMillan, Inc., 894 F.2d 579 (2d Cir.

13

1990); accord Lihuan Wang v. Phoenix Satellite Television US, Inc., supra, 2014 WL 116220 at *4; Morris v. Ernst & Young, LLP, 12 Civ. 0838 (KMW), 2012 WL 3964744 at *3 (S.D.N.Y. Sept. 11, 2012) (Wood, D.J.); Millennium, L.P. v. Hyland Software, Inc., 03 Civ. 3900 (DC), 2003 WL 22928644 at *3 (S.D.N.Y. Dec. 10, 2003) (Chin, then D.J., now Cir. J.).

The Movant Defendants argue that key witnesses reside in the Eastern District of New York. Specifically, they offer the affidavits of five employees of Suffolk County. Four of these affiants expressly state that the Central Islip division of the Eastern District of New York is a more convenient location than the Southern District of New York (see Affidavit of Joseph Bianco, dated August 14, 2013 ("Bianco Aff."), at 1, annexed as Exhibit L to Jeffreys Decl. (Docket Item 22); Affidavit of Paul R. Morano, dated August 7, 2013 ("Morano Aff."), at 1, annexed as Exhibit M to Jeffreys Decl. (Docket Item 22); Affidavit of John Donovan, dated August 5, 2013 ("Donovan Aff."), at 1, annexed as Exhibit N to Jeffreys Decl. (Docket Item 22); Affidavit of Renee Ortiz, dated August 7, 2013 ("Ortiz Aff."), at 1, annexed as Exhibit O to Jeffreys Decl. (Docket Item 22)). The nature of each witnesses' testimony is set forth in their respective affidavits, as follows: (1) Bianco is the police officer who responded to the scene of plaintiff's accident and completed a

14

police field report of the incident (Bianco Aff. ¶¶ 1, 5-8);

(2) Morano is an assistant civil engineer whose job duties include "research[ing] the ownership, maintenance, and control of particular premises and roadways within the geographic limits of Suffolk County" (Morano Aff. at 1-2); (3) Donovan is an investigator with the County of Suffolk whose job duties include "maintain[ing] records of all written complaints concerning alleged defects or obstructions . . . on the streets, roads, parking lots and sidewalks of the County of Suffolk" (Donovan Aff. ¶¶ 1, 7) and (4) Ortiz is the "individual charged with the responsibility at the Office of the Clerk of the Suffolk County Legislature to receive any complaints concerning defective conditions" and is also responsible for "maintain[ing] records of all written complaints concerning alleged defects or obstructions . . . on the highways, roads, streets, parking lots and parking fields, sidewalks, walkways, curbs, and gutters . . . of the County of Suffolk" (Ortiz Aff. ¶¶ 7, 8).

The Movants have sufficiently satisfied their burden of clearly identifying their key witnesses and making a general statement as to the testimony each witness will offer.

Plaintiff has not provided any affidavits from any witnesses. However, plaintiff testified at his 50-h examination that his classmate Kamar had witnessed the accident and that

15

another classmate, Angel, had heard the accident occur (Allen
Depo. at 26).  Plaintiff was not certain but believed that Kamar
lived in the Bronx:

> Q:   Do you know where [Kamar] lives?  Does he live in
>      the Island, Jersey, PA, somewhere else?
>
> A:   If I recall, I think he lived -- he told me he
>      lived in the Bronx.

(Allen Depo. at 17-18).  Plaintiff did not state where Angel
resides.  In fact, plaintiff testified that he was not well-
acquainted with any of his classmates, which calls into question
the accuracy of plaintiff's statement that Kamar resides in the
Bronx.  For example, plaintiff testified:

> Q:   Other than the one person you told us about who
>      took the photographs Kamar, do you know the names
>      of any of the other of your classmates?
>
> A:   There were two other people in the car with me,
>      Angel and Charlie.
>
> Q:   Do you know either of their last names?
>
> A:   No, we just go by a first name basis.
>
> Q:   Did you meet them only through the class?
>
> A:   Yes.
>
> Q:   Do you have any cell phone numbers, or any other
>      way to get in touch with them?
>
> A:   No, not right now, no.

(Allen Depo. at 16).  In addition to these classmates, it is
likely that plaintiff will rely on the testimony of his treating

16

physicians from both the Good Samaritan Hospital Medical Center
in Long Island, New York and the Pocono Medical Center in Penn-
sylvania.  It does not appear that any of these physicians reside
in this district.[2]

Based on these facts, Kamar is the only witness who
may reside in this district.[3]  By contrast, the Movants have
established that a majority of their key witnesses reside sub-
stantially closer to the Central Islip courthouse, will provide
material testimony and consider the Eastern District of New York
to be the more convenient venue.  Accordingly, I find that, on

_____

[2]Admittedly, it will likely be a greater inconvenience to
have plaintiff's witnesses travel from Pennsylvania to the
Central Islip division of the Eastern District of New York than
to this district.  However, where all of the conduct giving rise
to a claim occurs in one location and plaintiff receives post-
accident medical treatment in another location, courts will
generally attribute greater weight to the former.  See Donde v.
Romano, supra, 2010 WL 3173321 at *1 ("[T]he operative facts in
this case occurred in New Jersey; that some post-accident events
relevant to the case, such as plaintiff's medical treatment, took
place in New York does not change this."), citing Hernandez v.
Graebel Van Lines, 761 F. Supp. 983, 988 (E.D.N.Y. 1991) (trans-
ferring the case to the Southern District of Florida, even though
all of plaintiff's treating physicians practice in New York,
because the accident occurred in Florida) and Guccione v. Har-
rah's Mktg. Servs. Corp., 06 Civ. 4361 (PKL), 2009 WL 2337995 at
*8 (S.D.N.Y. July 29, 2009) (Leisure, D.J.) (transferring case to
the locus of operative facts even though all of plaintiff's
treating physicians resided in the transferee forum).

[3]Bronx County is located in the Southern District of New
York.  28 U.S.C. § 112(b).

balance, the convenience of the witnesses weighs in favor of transfer.

    C.   Location of Relevant
        <u>Documents and Proof</u>

> "In today's era of photocopying, fax machines[,] Federal Express", <u>Coker v. Bank of Am.</u>, 984 F. Supp. 757, 766 (S.D.N.Y. 1997), and electronic document transmission, the location of documents is entitled to little weight unless the movant makes a detailed show- ing of the burden it would incur absent transfer. <u>Royal Ins. Co. of Am. v. Tower Records, Inc.</u>, No. 02 Civ. 2612 (PKL), 2002 U.S. Dist. LEXIS 20109, at *17 (S.D.N.Y. Oct. 22, 2002).

<u>Oubre v. Clinical Supplies Mgmt.</u>, 05 Civ. 2062 (LLS), 2005 WL 3077654 at *3 (S.D.N.Y. Nov. 17, 2005) (Stanton, D.J.); <u>accord</u> <u>Ivy Soc'y Sports Grp., LLC v. Baloncesto Superior Nacional</u>, 08 Civ. 8106 (PGG), 2009 WL 2252116 at *6 (S.D.N.Y. July 28, 2009) (Gardephe, D.J.) ("The location of documents is not a factor given great weight in a Section 1404(a) analysis." (citation omitted)).  The Movants merely state that the documents relevant to this lawsuit are located in the transferee district, but do not offer any specifics.  Meanwhile, there is no evidence in the record that any relevant documents or sources of proof exist in this district.  Accordingly, this factor is neutral.  <u>See</u> <u>Ivy Soc'y Sports Grp., LLC v. Baloncesto Superior Nacional</u>, <u>supra</u>,

2009 WL 2252116 at *6; Oubre v. Clinical Supplies Mgmt., supra, 2005 WL 3077654 at *4.

D. Convenience to
Parties

In terms of the convenience of the parties, the
Court recognizes that "'[w]here transfer would merely
shift the inconvenience from one party to the other,'
the Court should leave plaintiff's choice of venue
undisturbed." See Wagner[ v. N.Y. Marriott Marquis],
502 F. Supp. 2d [312,] at 316 [(S.D.N.Y. 1999)
(Mukasey, D.J.)] (quoting Wilshire Credit Corp. v.
Barrett Capital Mgmt. Corp., 976 F. Supp. 174, 182
(W.D.N.Y. 1997)); accord Schieffelin & Co. v. Jack Co.
of Boca, Inc., 725 F. Supp. 1314, 1322 (S.D.N.Y. 1989).
However, "transfer of venue may be appropriate where
inconvenience for the party moving for transfer could
be completely eliminated without substantially adding
to the nonmoving party's inconvenience." Frame v.
Whole Foods Mkt., Inc., No. 06 Civ 7058 (DAB), 2007 WL
2815613, at *6 (S.D.N.Y. Sept. 24, 2007).

EasyWeb Innovations, LLC v. Facebook, Inc., 888 F. Supp. 2d 342,

352-53 (E.D.N.Y. 2012); accord JetBlue Airways Corp. v. Helferich

Patent Licensing, LLC, 12-CV-5847 (JBW), 2013 WL 713929 at *13

(E.D.N.Y. Feb. 28, 2013).

Here, all of the defendants are located within the

Eastern District of New York. Hence, transferring this case to

that district would minimize the defendants' inconvenience.

Though plaintiff would have to travel a slightly greater distance

to reach the Eastern District, plaintiff clearly will have to

travel a substantial distance regardless because he filed this

19

suit outside his home state. Where all the defendants' inconvenience will be minimized, and plaintiff's inconvenience, though increased, will exist regardless of the chosen forum, this factor weighs in favor of transfer. See Walker v. Jon Renau Collections, Inc., 423 F. Supp. 2d 115, 118 (S.D.N.Y. 2005) (Daniels, D.J.) (transferring to Southern District of California where defendants were located in transferee district and plaintiff would have had to travel regardless of the chosen forum, even if prosecuting in California would be "significantly more inconvenient and expensive" for plaintiff); see also Caldwell v. Slip-N-Slide Records, Inc., 10 Civ. 9106 (JFK), 2011 WL 3251502 at *4 (S.D.N.Y. July 26, 2011) (Keenan, D.J.) (granting transfer to Southern District of Florida where defendants' burden would be completely eliminated and plaintiff from North Carolina would have had to travel out of state regardless); Rindfleisch v. Gentiva Health Sys., Inc., supra, 752 F. Supp. 2d at 258-59; Frame v. Whole Foods Mkt., Inc., 06 Civ 7058 (DAB), 2007 WL 2815613 at *6 (S.D.N.Y. Sept. 24, 2007) (Batts, D.J.); Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp. 2d 325, 328 (E.D.N.Y. 2006) (transferring case to the Western District of Tennessee where "the plaintiff [would] be obligated to travel a great distance whether this action [wa]s heard in the Eastern District of New York or the Western District of Tennessee" and

"if the action remain[ed] in New York, all remaining parties [would] be required to travel").

Hence, this factor weighs in favor of transferring this action to the Eastern District of New York.

E. Locus of
   Operative Facts

"The locus of operative facts, which is a 'primary factor' in a motion to transfer venue, weighs strongly in favor of transfer in this case." Fuji Photo Film Co., Ltd. v. Lexar Media, Inc., supra, 415 F. Supp. 2d at 375 (citation omitted); see Tillery v. NYS Office of Alcoholism & Substance Abuse Servs., 13 Civ. 0035 (CM), 2013 WL 6405326 at *5 (S.D.N.Y. Dec. 5, 2013) (McMahon, D.J.).

There is no doubt that the locus of operative facts is the Eastern District of New York. "In determining the locus of operative facts a court must look to the site of events from which the claim arises." MasterCard Int'l, Inc. v. Lexcel Solutions, Inc., 03 Civ. 7157 (WHP), 2004 WL 1368299 at *6 (S.D.N.Y. June 16, 2004) (Pauley, D.J.) (inner quotation marks and citation omitted). Plaintiff's accident, the event that gives rise to this action, occurred in the Eastern District of New York, and he received immediate medical treatment there as

well.  By contrast, this district bears no connection to either plaintiff's claim or any of the defenses.  Therefore, this factor, too, weighs in favor of transfer.

      F.   Availability of
          <u>Process to Compel</u>

Pursuant to Fed.R.Civ.P. 45(c)(1), a court may "command a [non-party witness] to attend a trial, hearing, or deposition" only "within 100 miles of where a person resides, is employed, or regularly transacts business in person."  Here, in light of the proximity of the Southern District of New York and the Eastern District of New York, both districts have substantially identical subpoena power.  Thus, this factor is neutral.  <u>See</u> <u>Dunston v. N.Y. City Police Dep't</u>, <u>supra</u>, 2010 WL 5065903 at *3 (concluding that this factor is neutral because "witnesses could be compelled to attend court proceedings in either" the Eastern or Southern Districts of New York).

      G.  <u>Remaining Factors</u>

The remaining factors either do not tip the scale or counsel transfer.  With respect to the parties' relative means, the forum's familiarity with the governing law and trial efficiency, neither party has presented evidence on or discussed

22

these factors.  Hence, they are considered neutral.  The final
factor -- interests of justice -- weighs in favor of transfer.
"When the events giving rise to a claim occurred in another
district, it is reasonable to transfer the case to the district
in which the events occurred."  Donde v. Romano, supra, 2010 WL
3173321 at *3, citing Lauer v. Saybolt LP, 09-CV-3442 (ILG), 2010
WL 1992008 at *6 (E.D.N.Y. May 17, 2010); Ryan v. Tseperkas, CV
07-1850, 2008 WL 268716 at *3 (E.D.N.Y. Jan. 28, 2008) and In re
E. Dist. Repetitive Stress Injury Litig., 850 F. Supp. 188, 195
(E.D.N.Y. 1994).  The events giving rise to plaintiff's complaint
undisputedly entirely occurred within the transferee district and
this district bears no connection to this case.

Finally, I note that a number of cases have held that
transfers between the Southern and Eastern Districts of New York
are generally inappropriate, given the close proximity of the two
Districts.  E.g., Prof'l Offshore Opportunity Fund, Ltd. v.
Huifeng Bio-Pharm. Tech., Inc., 11 Civ. 4321 (LAK), 2011 WL
5598213 at *3 (S.D.N.Y. Nov. 15, 2011) (Kaplan, D.J.) ("[T]here
is no compelling argument that the convenience of parties and
witnesses and the interests of justice would be served by moving
this action from a courthouse at one end of the Brooklyn Bridge
to the other or, for that matter, even to a courthouse in Central
Islip."); Coughlin v. Long Island R.R. Co., 91 Civ. 7535 (CSH),

1992 WL 276568 at *2-*3 (S.D.N.Y. Sept. 29, 1992) (Haight, D.J.).
But for the fact that the motion is unopposed, I would be in-
clined to deny the motion on the basis of these authorities.
However, given the facts that plaintiff offers no reason whatso-
ever to deny the motion, and the motion is clearly not frivolous,
I am constrained to grant the motion.

Accordingly, after considering the totality of circum-
stances and the interests of justice, the Movant Defendants'
motion to transfer this case to the Eastern District of New York
is granted.[4]

IV.  Conclusion

For all the foregoing reasons, the motion to transfer
this action is granted.  The Clerk of the Court is directed to

---

[4]Having found that transfer of this case is appropriate
under 28 U.S.C. § 1404(a), I do not address plaintiff's alternate
ground for transfer under 28 U.S.C. § 1406(a).

close docket item 21 and to transfer this action to the Eastern

District of New York.

Dated:  New York, New York
        February 11, 2014

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

David W. Tolchin, Esq.
Jaroslawicz & Jaros, LLC
Suite 2410
225 Broadway
New York, New York  10007

Christopher A. Jeffreys, Esq.
Suffolk County Attorney's Office
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York  11788

Mark Goldsmith, Esq.
Jakubowski, Robertson, Maffei,
Goldsmith & Tartaglia, LLP
969 Jericho Turnpike
St. James, New York  11780